UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LINDA JACKSON,

    Plaintiff,

vs.                              CASE NO.: _____

STATE OF FLORIDA,
AGENCY FOR PERSONS WITH
DISABILITIES,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant State of Florida, Agency for Persons With Disabilities, by and through undersigned counsel, hereby files this Notice of Removal and states:

1. This action was brought and is now pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, under Case Number 13-CA-933.

2. This action was commenced in the Circuit Court on or about March 26, 2013, by the filing of a Complaint with the Clerk of that Court. A true copy of the Complaint is attached as Exhibit A.

3. Service of Process was made upon Defendant, Agency for Persons With Disabilities, on April 5, 2013. A copy of the Summons is attached as Exhibit B.

4. This Notice is timely.

5. This is an action brought under §440.205, Florida Statutes, as well as under 29 U.S.C. §794, for which this Court has original jurisdiction under 28 U.S.C. §1331.

This action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441 in that Plaintiff's Complaint involves claims arising under federal civil rights law.

6.  Written Notice of the filing of this Notice of Removal has been provided to Plaintiff's counsel, and a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court for Leon County, Florida.

WHEREFORE, Defendant requests that this action be removed to the United States District Court for the Northern District of Florida.

Respectfully submitted this 3rd day of May, 2013.

_____
DAVID R. TERRY (Fla. Bar No. 356859)
NEWELL, TERRY & DOUGLAS, P.A.
817 North Gadsden Street
Tallahassee, Florida  32303
Telephone:  850/681-3883
Facsimile:  850/561-1379
E-mail:  dave@newellandterry.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal has been furnished by e-mail on this 3rd day of May, 2013 to:

Marie A. Mattox:  marie@mattoxlaw.com and michelle@mattoxlaw.com.

_____
Attorney

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN
AND FOR LEON COUNTY, FLORIDA

LINDA JACKSON,

    Plaintiff,

CASE NO. 13-CA- 933
FLA BAR NO. 0739685

v.

STATE OF FLORIDA,
AGENCY FOR PERSONS WITH DISABILITIES,

    Defendant.

_____/

## COMPLAINT

Plaintiff, LINDA JACKSON, hereby sues Defendant, STATE OF FLORIDA, AGENCY FOR PERSONS WITH DISABILITIES, and alleges:

### NATURE OF THE ACTION

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) brought pursuant to §440.205, Florida Statutes, and 29 U.S.C. §794.

### THE PARTIES

2. At all times pertinent hereto, Plaintiff, LINDA JACKSON, was a resident of Gadsden County, Florida, and was employed by Defendant. She is thus sui juris.

3. At all times pertinent hereto, Defendant, STATE OF FLORIDA, AGENCY FOR PERSONS WITH DISABILITIES, has been organized, existing, and/or operating under the laws of the state of Florida and has maintained its main offices and headquarters in Tallahassee, Leon County, Florida. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

**EXHIBIT "A"**

## STATEMENT OF THE ULTIMATE FACTS

4. Plaintiff was initially employed by Defendant in or about October 2006 and held a position as a Human Service Worker II at the time of her termination in or about December 2011.

5. In or about July or August 2011, Plaintiff sought treatment for a degenerative condition related to her left eye. Thereafter, Plaintiff informed Defendant of her condition and proceeded with surgery in around late August 2011. She took approximately three weeks of leave time off work related to her treatment and surgery.

6. After Plaintiff returned to work, and in or about September 2011, she was involved in a workplace incident causing bodily injury and damaging her surgically repaired left eye. Specifically, Defendant had Plaintiff in a one-to-one supervisory control situation over a specific resident/patient. This resident/patient was a known problem and throughout the day prior to the incident had caused property damage and had otherwise been unruly, dangerous, problematic, and difficult.

7. During the time that Plaintiff was responsible for this patient, he grabbed Plaintiff about the head and eye in a "headlock" style maneuver and placed direct pressure on Plaintiff's surgically repaired left eye. Thereafter, this resident/patient continued to attack Plaintiff and caused injury to her shoulder, ribs and eye.

8. Thereafter, Plaintiff sought the benefits and protections of Chapter 440, Florida Statutes, and sought medical treatment with a physician on contract with Defendant. Plaintiff informed this physician, as well as Defendant, that the resident/patient had damaged her surgically repaired eye. Plaintiff continues to have issues related to this damaged eye.

2

9. Plaintiff returned to work approximately one or two days after the incident, but Defendant had reassigned her to perform clerical and other office work. Despite that Plaintiff had vision problems associated with her damaged eye, as well as bruised ribs and shoulder issues, Defendant requested that Plaintiff drive transportation vehicles to transport other resident/patients.

10. Plaintiff informed Defendant that because of her injuries, she was unable to drive to transport residents and she was returned to performing clerical work.

11. Defendant initiated termination proceedings against Plaintiff for contrived allegations relating to the incident with the resident, and these proceedings resulted in Plaintiff's termination in or about December 2011. Plaintiff maintains that her claim for compensation and benefits under Chapter 440 and/or her disabling condition related to her eye and/or Defendant's perception of Plaintiff as being disabled resulted in and/or caused her termination, at least in part.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee.

## COUNT I

### WORKER'S COMPENSATION RETALIATION

13. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

14. Plaintiff attempted to seek medical care under Chapter 440, Florida Statutes, for workers' compensation benefits and was eventually allowed to make such a claim. However, she was not rehired and/or fired for doing so.

15. Plaintiff was first under pretextual circumstances after she sought compensation and benefits under Chapter 440, Florida Statutes and asserted a workers' compensation claim.

3

16. Defendant retaliated against Plaintiff for Plaintiff's valid claim for compensation and benefits under Chapter 440, Florida Statutes, by terminating her and contriving allegations against her to support said termination.

17. Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to worker's compensation benefits under the laws of the State of Florida.

18. As a direct and proximate cause of Defendant's violations of §440.205, Florida Statutes, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT II

### HANDICAP DISCRIMINATION

19. Paragraphs 1 through 12 are realleged and incorporated herein by reference.

20. This is an action against Defendant discrimination against Plaintiff based on her handicap/disability and/or Defendant's perception of Plaintiff as disabled/handicapped brought under 29 U.S.C. §794.

21. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. After Plaintiff's eye surgery and the incident described in part above, during

4

which Plaintiff sustained additional injuries to her eye, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

22. Defendant is liable for the differential treatment of the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

23. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

24. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

25. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability, under 29 U.S.C. §794.

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

5

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff costs and interest;

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 26th day of March 2013.

Respectfully submitted,

_____
Marie A. Mattox, [FBN: 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (Telephone)
(850) 383-4801 (Facsimile)
Email: marie@mattoxlaw.com
Secondary emails:
Michelle2@mattoxlaw.com
Mary@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Electronically Filed 03/27/2013 07:51:45 PM ET

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

LINDA JACKSON,

    Plaintiff,

vs.    Case No. 13-CA 933

STATE OF FLORIDA, AGENCY FOR
PERSONS WITH DISABILITIES,

    Defendant.
_____/

# Summons

CERTIFIED PROCESS SERVER # 052
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 4-5-13  TIME 12:07 Pm

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

FLORIDA AGENCY FOR PERSONS WITH DISABILITIES
c/o Barbara Palmer, Director
4030 Esplanade Way, Suite 380
Tallahassee, FL 32399-0950

    Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL 32303, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _March 28_, 2013.

CLERK OF THE CIRCUIT COURT

By: _Patri Pinkt_
    Deputy Clerk



**EXHIBIT "B"**